IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 0:09-198-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER ON § 2255 PETITION |
| | ) | |
| REGINAL MARCELLIUS BOYD | ) | |
| _____ | ) | |

In an order entered on December 3, 2012, this court denied the petition by Reginald Marcellius Boyd for relief under 28 U.S.C. § 2255. Boyd now returns to this court contending that the court overlooked one of his claims. The court agrees that the court did not specifically address one aspect of the petition and will, by way of this order, correct this oversight.

In his motion to alter or amend, Boyd points out that his § 2255 petition contained an allegation that his court-appointed attorney, longtime federal public defender Katherine Evatt, engaged in fraudulent activity by "personally writing up a false confession in her own words for movant to sign." This allegation is directly contradicted by the extended colloquy this court engaged in when it accepted Boyd's guilty plea. A full transcript of the colloquy has been prepared and is included in the record in this case. Among other things, the court advised Boyd of the charges against him, made sure that he understood his right to a jury trial and all of the associated rights that went along with that, explained to him the essential elements of the offense the government would be required to prove at trial, and explained to Boyd the penalty statutes that applied to his case. The court further ascertained that there had

1

been no coercion or undue influence practiced upon Boyd to make him plead guilty, and, perhaps most importantly, Boyd averred to this court that he was entirely satisfied with the services provided by his attorney. All of the responses Boyd provided, together with his verification that he was satisfied with his attorney's efforts on his behalf, were made under oath. Statements made at a guilty plea under oath cannot be overcome by a mere after-the-fact allegation that the attorney engaged in fraudulent conduct.

    For the foregoing reasons, the motion to alter or amend (ECF No. 110) is denied.

    IT IS SO ORDERED.

January 24, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge